GUARANTEE TIRE AND RUBBER COMPANY *v.* VEHICLE APRON AND HOOD COMPANY.

[No. 22,963. Filed February 21, 1917.]

1. ACCOUNT, ACTION ON.—*Instructions.*—*Construction.*—Where, in an action on account, the court instructed the jury that one of the questions to be considered under the evidence was the authority of plaintiff's salesman to make an agreement for the return of the goods as claimed by defendant, that, under the law, before plaintiff would be bound by an agreement of the salesman, it must appear that he was authorized by plaintiff to make such agreement, which authority might be expressly given or implied from the facts shown by the evidence, and that

146    SUPREME COURT OF INDIANA,

Guarantee Tire, etc., Co. *v.* Vehicle Apron, etc., Co.—186 Ind. 145.

the mere fact that plaintiff's agent for the sale of the goods entered into a contract for their return did not of itself bind the plaintiff to carry out such contract, but that it must appear in some other way from the evidence that plaintiff was bound than from the mere statement of its agent, such instructions were not objectionable as informing the jury that plaintiff could accept defendant's order for the goods involved in the action, without being bound by its agent's agreement as to the return of other goods in payment therefor.    p. 147.

2.   TRIAL.—*Refusal of Instructions.*—*Repetition.*—The refusal of a tendered instruction is not error where the substance thereof is covered by an instruction given.    p. 148.

From Marion Superior Court (88,044) ; *Clarence E. Weir,* Judge.

Action by the Vehicle Apron and Hood Company against the Guarantee Tire and Rubber Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)    *Affirmed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

*Albert Asche,* for appellee.

HARVEY, J.—The appellee recovered judgment on account against appellant, and an appeal was taken to the Appellate Court. The cause was transferred to this court in accordance with §1405 Burns 1914, Acts 1901 p. 590. The alleged errors are covered by the assignment that the court erred in overruling appellant's motion for a new trial. Of the causes for a new trial relating to instructions, appellant, in its points and authorities, treats only of the giving of instructions Nos. 5 and 11, and the refusal of appellant's tendered instruction No. 4.

Instructions Nos. 5 and 11 both relate to the authority of plaintiff's agent, Mr. Daugherty, to make the agreement in controversy for the return of goods in pay-

NOVEMBER TERM, 1916.      147

Guarantee Tire, etc., Co. v. Vehicle Apron, etc., Co.—186 Ind. 145.

ment for other goods ordered.   Instruction No. 5
1. reads: "One of the questions presented for your
   consideration under the evidence is the authority
of one Daugherty, salesman for the plaintiff, to make
an agreement for the return of goods as claimed by the
defendant.   Under the law, before the plaintiff will be
bound by any agreement of said Daugherty as such
agent, it must appear that said Daugherty was author-
ized by the plaintiff to make the agreement in question.
Such authority might be expressly given or implied
from the facts shown by the evidence."

Instruction No. 11 reads: "The mere fact, however,
that Daugherty, who was an agent of the plaintiff for
the sale of goods, entered into a contract for the re-
turn of goods, if you find such to be the fact, does not
of itself bind the plaintiff to carry out the agreements
of said Daugherty.   It must appear from the evidence
that plaintiff was bound, as I have indicated, in some
other way than by the mere statement of Daugherty,
its agent."

Appellant's objection to these instructions is that
they told the jury that plaintiff could accept defend-
ant's order for the goods involved in this suit, without
being bound by its agent's agreement as to the return
of other goods in-payment therefor; whereas, the jury
should have been told that plaintiff should have accepted
or repudiated the contract as a whole.

We cannot so construe these instructions.   In so far
as they touch the point embodied in this objection, they
instruct the jury that, if bound at all, plaintiff was
bound by the contract as a whole.   The attention of the
trial court was not, by any tendered instruction, di-
rected to defendant's present suggestion that plaintiff
must accept or reject the contract as a whole.

The substance of appellant's tendered instruction No.
4 is that "if plaintiff represented to defendant in any

148     SUPREME COURT OF INDIANA,

Guarantee Tire, etc., Co. v. Vehicle Apron, etc., Co.—186 Ind. 145.

way that its agent, Daugherty, was authorized 2. * * * such representations would be binding on plaintiff,"· and plaintiff could not refuse to recognize the authority of its agent. The substance of tendered instruction No. 4 is covered by instruction No. 9, given by the court, which, in addition, stated that plaintiff would be so bound until it notified defendant that said agent no longer had such authority. There was no error as to these instructions.

The remaining causes for a new trial are that the verdict is contrary to law, is not supported by sufficient evidence, and is too large, in that a portion of the goods returned should have been accepted and credited by the plaintiff. This court is referred as to these matters to certain portions of evidence in the record. Examination of these references and other parts of the record discloses that there was not only an issue of fact as to whether the defendant was entitled by contract to return any goods, but an issue of fact as to whether, assuming that there was such a contract, defendant returned goods complying with the contract. These issues of fact were submitted to the jury after what seems to have been a full and fair trial, and upon proper instructions. There was evidence supporting the verdict; the verdict is not contrary to law; the verdict is not excessive, unless the defendant established that it was entitled to credit for a portion of the goods returned, and as to this, the jury found on the evidence for the plaintiff.

There being no error disclosed, the judgment of the trial court is affirmed.

NOTE.—Reported in 115 N. E. 89. See under (1) 38 Cyc 1777; (2) 38 Cyc 1711.